(Not for Publication)                                                                             (Docket Entry Nos. 1, 5, 6, 9)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | | |
|---|---|---|
| WALI HAMANI, | : | |
| Petitioner, | : | Civil No. 06-5179 (RBK) |
| v. | : | **OPINION** |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**KUGLER**, United States District Judge:

      Pending before the Court is Petitioner Wali Hamani's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Petitioner collaterally attacks his sentence on three grounds. First, petitioner argues that the Government violated the terms of his plea agreement. Second, Petitioner contends that he was fraudulently induced by the Government into accepting the terms of the plea agreement. Third, Petitioner claims to have received ineffective assistance of counsel. In response to Petitioner's motion, the Government filed an answer and a motion to dismiss. After the Government filed its motion to dismiss, Petitioner filed a motion to amend his petition. Petitioner has also filed a motion for discovery, seeking to have the Assistant United States Attorney answer interrogatories. For the reasons discussed below, Petitioner's motions are denied and the Government's motion to dismiss is granted.

**I. BACKGROUND**

On May 3, 2004, Petitioner pled guilty, pursuant to a plea agreement, before the undersigned to one count of bank robbery in violation of 18 U.S.C. § 2113. In the plea agreement, the parties first stipulated that the applicable United States Sentencing Guideline (U.S.S.G.) was § 2B3.1, which carries a base offense level of twenty. Second, the parties agreed to a two-level increase pursuant to U.S.S.G. § 2B3.1(b)(1). Third, the parties agreed to a two-level decrease pursuant to U.S.S.G. § 3E1.1(a) for Petitioner's acceptance of responsibility. Fourth, the Government agreed to move the sentencing judge for an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b), provided that Petitioner signed the agreement, pled guilty on May 3, and continued to accept responsibility through the date of sentencing. The agreement provided that the parties had not agreed to any further adjustments or departures, and that the parties reserved the right to argue for further upward or downward departures or adjustments. (Pl. Agr. Sched. A.) At the plea hearing, the government indicated its willingness to move for a decrease pursuant to U.S.S.G. § 3E1.1(b) at the sentencing hearing.

Subsequently, the United States Probation Office prepared a Pre-Sentence Report. The Pre-Sentence Report incorporated the stipulations in the plea agreement, including the three-level decrease for acceptance of responsibility. In addition, the report concluded that, pursuant to U.S.S.G. § 4B1.1, Petitioner was a Career Offender, which made Petitioner's adjusted base offense level 32. The report further recommended a three-level increase pursuant to U.S.S.G. § 2B3.1(b)(2)(E) for brandishing a weapon.

On April 8, 2005, Petitioner was sentenced. At the sentencing hearing, the Government asked the court to impose the statutory maximum sentence, twenty years. The court adopted the

findings of the Pre-Sentence Report, which included the three-point reduction for acceptance of responsibility, and sentenced Petitioner to a term of imprisonment of 180 months to be followed by a three-year term of supervised release. On timely appeal to the United States Court of Appeals for the Third Circuit, Petitioner challenged the Court's application of the Career Offender enhancement. The Third Circuit affirmed this Court's judgment. Following the Supreme Court's denial of Petitioner's request for review, Petitioner filed this motion under 28 U.S.C. § 2255 on October 27, 2006.

In this motion, Petitioner makes three arguments. First, Petitioner argues that the Government breached the plea agreement by (a) not formally moving the court for the reduction pursuant to U.S.S.G. § 3E1.1(b), as it had agreed to do in the plea agreement; and (b) requesting the maximum sentence. Second, Petitioner claims he was fraudulently induced into accepting the plea agreement because the Government was without the power to seek the agreed-to reduction under U.S.S.G. § 3E1.1(b). Finally, Petitioner argues that his counsel's failure to challenge the Government's alleged breach of the plea agreement at either sentencing or on appeal amounted to ineffective assistance of counsel. Plaintiff has filed a motion to invoke the discovery process in connection with his § 2255 motion.

In his motion to amend his § 2255 motion, Petitioner seeks to add a claim that this Court lacks subject matter jurisdiction because Congress lacks the power under the Commerce Clause to criminalize robbery of the bank at issue in this case, which was insured by the F.D.I.C. for insolvency or failure, but not for robbery. The Government opposes Petitioner's motion to amend.

**II. PETITIONER'S MOTION TO AMEND**

Petitioner seeks to amend his complaint[1] to add a claim that this Court lacked jurisdiction to accept his guilty plea and sentence him because the bank he pled guilty to robbing had no connection to interstate commerce. Petitioner claims that this bank was not a channel or instrumentality of interstate commerce and that his crime did not substantially affect interstate commerce. A petitioner may amend his habeas petition after the filing of a responsive pleading with consent of the opposing party or leave of court. FED. R. CIV. P. 15(a)(2); 28 U.S.C. § 2242 (2006) (providing that motions to amend habeas petitions shall be governed by Federal Rules of Civil Procedure). "The Court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). A court may deny leave to amend, however, if the new claim would not survive a motion to dismiss. Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983). Thus, a court may deny a motion to amend if the proposed change "is frivolous or advances a claim or defense that is legally insufficient on its face." Witherspoon v. Rent-A-Center, Inc., 173 F. Supp. 2d 239, 243 (D.N.J. 2001) (quoting 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990)).

Here, Petitioner's amendment would not withstand a motion to dismiss, and thus his motion to amend is denied. Congress had the power under the Commerce Clause to enact 18 U.S.C. § 2113. United States v. Spinello, 265 F.3d 150, 159 (3d Cir. 2001). The Commerce

---

[1] Petitioner insists that his motion is a motion to supplement, pursuant to Federal Rule of Civil Procedure 15(d), rather than a motion to amend under Rule 15(a). However, a motion to supplement is appropriate only where the moving party wishes to "set[] out any transaction, occurrence or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d). Here, Petitioner's motion does not describe any transaction, occurrence or event that occurred after he filed his habeas petition. Therefore, Rule 15(d) does not apply.

Clause gives Congress the power to regulate (1) channels of interstate commerce; (2) instrumentalities of interstate commerce; and (3) activities that substantially affect interstate commerce. Id. at 154 (quoting United States v. Lopez, 514 U.S. 549, 558-59 (1995)). In Spinello, the court held that Congress had a "rational basis for concluding that bank robbery substantially affects interstate commerce." Id. at 153. The Spinello court also rejected a claim that the particular bank robbery at issue did not substantially affect interstate commerce, stating that "where the regulatory statute bears a substantial relation to commerce, as clearly § 2113 does, the de minimis character of particular instances is of no consequence." Id. at 159 n.7. In light of Spinello, this Court finds that Petitioner's claim that this Court lacked jurisdiction is frivolous, and therefore denies his motion to amend his habeas petition.

## III. STANDARD FOR § 2255 MOTION AND MOTION TO DISMISS

### A. 28 U.S.C. § 2255

A prisoner in federal custody may file a motion in the trial court challenging the validity of his sentence under 28 U.S.C. § 2255. Morelli v. United States, 285 F. Supp. 2d 454, 458 (D.N.J 2003). A petitioner may move to vacate, set aside, or correct a sentence on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a) (2006). To establish a right to such relief, a petitioner must demonstrate "that the sentence suffers from a 'fundamental defect' causing 'a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" Morelli, 285 F. Supp. 2d at 458-59 (quoting United States v. DeLuca, 889 F.2d 503, 506 (3d Cir. 1989)).

### B. Motion to Dismiss

Respondent's motion to dismiss is considered according to the standard set forth by Federal Rule of Civil Procedure 12(b)(6).  See FED. R. CIV. P. 81(a)(4) (applying Federal Rules of Civil Procedure to "proceedings for habeas corpus . . . to the extent that the practice in those proceedings (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions").  In deciding a motion under Federal Rule of Civil Procedure 12(b)(6), the reviewing court must consider a plaintiff's allegations and all reasonable inferences drawn therefrom in the light most favorable to the plaintiff, in this case, Petitioner.  Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001).  If, after considering the petitioner's allegations, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," the court may dismiss the complaint, here petitioner's § 2255 petition.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### IV.   ANALYSIS[2]

### A. Petitioner's Breach and Fraudulent Inducement Claims

Both Petitioner's claim that the Government breached the plea agreement and that the Government fraudulently induced him into entering into the plea agreement are procedurally barred because he failed to raise them on direct appeal.  A petitioner may not obtain collateral

---

[2] The Court finds that an evidentiary hearing is not necessary because even if the allegations in Petitioner's motion were proven to be true, Petitioner would not be entitled to relief.  See United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994) (finding no hearing is necessary where the "motion, files, and records 'show conclusively that the movant is not entitled to relief.'" (quoting United States v. Day, 969 F.2d 39, 41-42 (3d Cir.1992)).

relief based on errors not raised on direct appeal unless he can show cause for his default and prejudice resulting from the alleged errors. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993) ("[W]e hold Frady's cause and prejudice standard applies to § 2255 proceedings in which a petitioner seeks relief from alleged errors in connection with his sentence that he has not directly appealed."). Here, Petitioner has not demonstrated adequate cause for failing to raise his breach and fraudulent inducement claims on direct appeal.

Petitioner argues that the cause for his failure to raise the breach and fraudulent inducement claims prior to filing his habeas petition was that his lawyer refused to raise them because she considered them to have "no factual or legal merit." (Habeas Petition Ex. 6).[3] In order for attorney error to constitute cause for a procedural default, the petitioner must show that counsel's error amounted to ineffective assistance of counsel under the test set forth in Strickland v. Washington. See Murray v. Carrier, 477 U.S. 478, 488 (1986). "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." Id. at 486. For the reasons discussed below, the Court finds that Petitioner has not shown that his attorney's performance amounted to ineffective assistance of counsel; therefore, Petitioner has not shown cause for his procedural default, and his breach and fraudulent inducement claims are procedurally barred.

---

[3] Petitioner also argues that he was not required to raise his breach of contract and fraudulent inducement claims prior to filing his habeas petition. Petitioner cites United States v. Moscahlaidis to support this argument. The Moscahlaidis court held that a defendant's failure to argue at his sentencing hearing that the government breached a plea agreement did not bar the defendant from raising the issue of breach on direct appeal. 868 F.2d 1357, 1360 (3d Cir. 1989). Here, however, Petitioner not only failed to raise the issue of breach at his sentencing hearing, but also failed to raise the issue in his direct appeal. Therefore, Moscahlaidis is inapposite.

### B.    Petitioner's Ineffective Assistance of Counsel Claim

Petitioner has failed to prove his claim of ineffective assistance of counsel based on his attorney's failure to raise the breach and fraudulent inducement claims at his sentencing or on direct appeal. In order to prove ineffective assistance of counsel, a petitioner must demonstrate: (1) that counsel's performance "fell below an objective standard of reasonableness," and (2) that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-92 (1984).

Petitioner has not demonstrated that his lawyer's performance was objectively unreasonable, and thus has failed to satisfy the first Strickland prong. A court considering an ineffective assistance of counsel claim begins with "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. It is difficult to prove that a lawyer's failure to raise a particular claim in an appeal constitutes ineffective assistance of counsel. See Smith v. Robbins, 528 U.S. 259, 288 (2000); see also Jones v. Barnes, 463 U.S. 745, 750 (1983) (rejecting "per se rule that appellate counsel must raise every nonfrivolous issue requested by the client"). If a petitioner's claims are not meritorious, his attorney's failure to raise them does not constitute ineffective assistance of counsel. See United States v. Mannino, 212 F.3d 835, 840 (3d Cir. 2000).

Here, Petitioner's breach and fraudulent inducement claims are not meritorious. The Government did not violate the plea agreement by failing to make a formal motion for the three-point reduction in Petitioner's sentence and by recommending that Petitioner receive the maximum statutory sentence. At the plea hearing, the Assistant United States Attorney expressed the Government's intention to move for the three-point reduction at sentencing.

8

(Gov't Ex. C, Transcript of Plea Hearing, at 3.)  Furthermore, the Court explained to Petitioner that the Government would recommend the three-point reduction.  (Id. at 9, 15.)  In its Pre-Sentence Report, the Probation Office took into account the parties' agreement that Petitioner would receive a three-level reduction for acceptance of responsibility.  (Pre-Sentence Report at ¶¶ 4(4), 24.)  Finally, this Court adopted the findings and recommendations of the Pre-Sentence Report.  (Gov't Ex. D, Transcript of Sentencing Hearing, at 15.)  Therefore, Petitioner received the promised three-point reduction, and there was no breach of the plea agreement.

Petitioner's claim that the Government fraudulently induced him to plead guilty by promising a three-point reduction it was not authorized to offer is also without merit.  Fraudulent inducement is a "[m]isrepresentation as to the terms, quality or other aspects of a contractual relation . . . that leads a person to agree to enter into the transaction with a false impression or understanding of the risks, duties or obligations she has undertaken."  BLACK'S LAW DICTIONARY 661 (6th ed. 1990).  As discussed above, the Government fulfilled the promises made in the plea agreement, and Petitioner received the three-point reduction.  Therefore, he has failed to show any fraudulent inducement.

In sum, because Petitioner's breach and fraudulent inducement claims are without merit, he cannot show that his attorney was constitutionally ineffective by failing to raise them at sentencing or on direct appeal.

**V.  PETITIONER'S MOTION FOR DISCOVERY**

Petitioner has filed a motion for discovery, and seeks to have the Assistant United States Attorney answer interrogatories.  Under Rule 6(a) of the Rules Governing Habeas Corpus Cases Under § 2255, "[a] judge may, for good cause, authorize a party to conduct discovery . . . ."

However, a habeas petitioner is not entitled to discovery if his habeas petition is without merit. See Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987). Here, the Court denies Petitioner's request for discovery because, for the reasons expressed above, Petitioner's claims are without merit.

**VI.  CONCLUSION**

For the reasons stated above, Petitioner's motion for relief under 28 U.S.C. § 2255, motion to amend, and motion for discovery are denied. The Government's motion to dismiss is granted.

Dated: 11-24-08                                                /s/ Robert B. Kugler
                                                               ROBERT B. KUGLER
                                                               United States District Judge